**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          breed@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BEGAY, on Behalf of Herself and all Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| CHINA TELECOM AMERICAS, CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Marlene Begay ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.    In July 2018, Defendant China Telecom Americas, Corp. ("Defendant") and/or its agents called Ms. Begay on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Ms. Begay did not give Defendant prior express written consent to make this call.

2.    Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.    Plaintiff Marlene Begay is, and at all times mentioned herein was, a resident of Los Altos, California and a citizen of the State of California.

4.    Defendant China Telecom Americas, Corp. is a Delaware corporation with its principal place of business at 607 Herndon Parkway, Suite 201, Herndon, Virginia 20170.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

6.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act Of 1991**

8.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendant's Calls to Plaintiff and Class Members**

12.      On July 12, 2018, at or around 3:58 p.m. PT, Defendant and/or its agent called Ms. Begay on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Defendant's call disrupted Ms. Begay during an important meeting at work.

13.      Ms. Begay did not give Defendant prior express written consent to make this call.

14.      Defendant called Ms. Begay's cellular telephone from the phone number (650) 283-4915.

15.     Ms. Begay was harmed by Defendant's acts in the form of an involuntary telephone and electrical charge; the aggravation, nuisance, waste of time and invasion of privacy that necessarily accompanies the receipt of an unwanted telephone call, especially while at work; and violations of her statutory rights.

16.     Prior to the calls at issue in this action, Ms. Begay never had any contact with Defendant.  She has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant.  She has never provided Defendant with her telephone number.

17.     Ms. Begay has been on the National Do Not Call Registry list since September 16, 2008.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

19.     Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

20.     Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class is the Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21.     Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call

CLASS ACTION COMPLAINT                                                                                      3

was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

22.     Collectively, all these persons will be referred to as the "Autodialer Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Autodialer Class is the Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

23.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

24.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of even just one unsolicited and harassing telephone call, and violations of their statutory rights.

25.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed classes can be identified easily through records maintained by Defendant.

26.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

b.   Whether Defendant and/or its agents used an automatic telephone dialing system to transmit the unsolicited phone call;

c.   Whether Defendant's conduct was knowing and/or willful;

d.   Whether Defendant made harassing, oppressive, or abusive telephone calls;

e.   Whether Defendant is liable for damages, and the amount of such damages, and

f.   Whether Defendant should be enjoined from engaging in such conduct in the future.

27.      As a person who received a call on her telephone through the use of an autodialer and/or with the use of an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

28.      Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29.      A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

30.      Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST COUNT**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

31.      Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32.     The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

36.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

1       e.   An order certifying this action to be a proper class action pursuant to Federal Rule

2           of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a

3           proper representative of the classes, and appointing the lawyers and law firm

4           representing Plaintiff as counsel for the classes;

5       f.   Such other relief as the Court deems just and proper.

6                         **<u>DEMAND FOR JURY TRIAL</u>**

7       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

8  and all issues in this action so triable of right.

9

10   Dated:  August 9, 2018             Respectfully submitted,

11                            **BURSOR & FISHER, P.A.**

12                          By:    */s/ L. Timothy Fisher*

13                                L. Timothy Fisher

14                          L. Timothy Fisher (State Bar No. 191626)

15                          Blair E. Reed (State Bar No. 316791)

                           1990 North California Blvd., Suite 940

16                          Walnut Creek, CA  94596

                           Telephone: (925) 300-4455

17                          Email:  ltfisher@bursor.com

                                   breed@bursor.com

18

19                          **BURSOR & FISHER, P.A.**

                         Scott A. Bursor (State Bar No. 276006)

20                          888 Seventh Avenue

                         New York, NY  10019

21                          Telephone: (212) 989-9113

                         Facsimile:  (212) 989-9163

22                          E-Mail: scott@bursor.com

23                          *Attorneys for Plaintiff*

24

25

26

27

28   CLASS ACTION COMPLAINT                                             7